IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2012

**COREY LYNN CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**No. 7286      Clayburn L. Peeples, Judge**

**No. W2012-00040-CCA-MR3-PC  - Filed August 6, 2012**

The petitioner, Corey Lynn Clark, appeals the post-conviction court's denial of his petition for post-conviction relief from his guilty plea conviction for second degree murder, arguing that he received the ineffective assistance of counsel, which caused him to enter an unknowing and involuntary guilty plea. After review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

J. Daniel Rogers, Medina, Tennessee, for the appellant, Corey Lynn Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Garry G. Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petitioner was convicted by a Gibson County Circuit Court jury of second degree murder based on his having "shot and killed Nakia Partee, the mother of his child, during an altercation in his bedroom. The [petitioner] claimed that he shot the victim in self-defense afer the victim allegedly picked up a knife and stabbed him." State v. Cory Lyn Clark, No. W2005-01020-CCA-R3-CD, 2006 WL 2191255, at *1 (Tenn. Crim. App. Aug. 2, 2006), perm. to appeal denied (Tenn. Dec. 18, 2006). He was sentenced to twenty years as a violent offender. Id. This court affirmed his conviction and sentence on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal. Id.

The petitioner then filed a petition for post-conviction relief. On the day of the hearing, the State and the petitioner announced to the court that they had agreed to a compromise of the issues raised in the post-conviction petition, the effect of which was to vacate the petitioner's prior conviction in exchange for a guilty plea to the same offense but with a reduced sentence of fifteen years. Later, on May 7, 2009, the petitioner filed another petition for post-conviction relief, in which he alleged that he received the ineffective assistance of counsel with regard to the entry of his guilty plea, that his guilty plea was unknowingly and involuntarily entered, and that his conviction was based on the failure of the prosecution to disclose favorable evidence in violation of Brady.[1] On July 10, 2009, the post-conviction court summarily denied his petition without a hearing; however, this court reversed the denial and remanded the case for a hearing. See Corey Lynn Clark v. State, No. W2009-01610-CCA-R3-PC, 2010 WL 890939, at *1 (Tenn. Crim. App. Mar. 12, 2010).

On December 17, 2010, the trial court conducted an evidentiary hearing, at which counsel testified that he represented the petitioner in his first post-conviction relief action. Counsel said that he had a few discussions with the State prior to the day of the scheduled evidentiary hearing regarding trying to reach a settlement in the petitioner's case. On the day of the hearing, the State extended an offer to concede the post-conviction action in exchange for a guilty plea to second degree murder but with a reduced sentence of fifteen years. Counsel conveyed to the petitioner that the offense still required 100% service but that there was a possible reduction of fifteen percent for "good time."

Counsel recalled that the petitioner conferred with a friend who was with him at the hearing and, after conferring with the friend, informed counsel of the amount of time he estimated he had already served. Counsel told the petitioner that, if the petitioner was correct in his estimate, "it sounded like he would be eligible [for parole] in three to four years."[2] Counsel acknowledged that his use of the word parole was a poor choice of words because what he meant was that the petitioner would probably finish his sentence in three or four years, assuming a fifteen percent good time reduction. The petitioner said that he wanted to think it over and, after doing so, agreed to the deal.

Counsel testified that he could not remember exactly what amount of time the petitioner told him he thought he had already served but, at that time, believed it equaled

---

[1] At the beginning of the evidentiary hearing, the petitioner conceded that the Brady violation claim was not properly raised and proceeded only on the ineffective assistance and guilty plea claims.

[2] The petitioner does not challenge counsel's mistaken use of the word "parole," conceding that any error was cured by counsel's statement that the sentence was to be served at 100% and by the guilty plea colloquy that clarified that point.

eighty-five percent of fifteen years. Looking back, counsel now realized that there was no way the petitioner could have served enough time by that point to only have three or four years left, as the offense occurred in 2002 and the plea hearing took place in 2008.

Counsel testified that he received a letter from the petitioner five to six months later questioning counsel's advice. Counsel sent the petitioner a letter in which he memorialized to the best of his recollection what he had told the petitioner. The letter stated:

> I have received your letter and contacted Counselor Robertson to set up a phone call with you on Monday, February 2, 2009 at 8:30 a.m. I will discuss any questions you have at that time. As for the issue in the letter I did inform you that it would be a 15 year sentence at 100% which could be reduced to 85%. Based upon the time that you stated you had already served and had credit for plus your good time credit I told you that it sounded like you would be eligible for parole within 3 to 4 years.
>
> If this is no longer your understanding of what will happen and wish to try and undo the plea you entered into you will likely have to file a post-conviction relief against me alleging that I did not adequately explain your plea to you and that it was not knowingly and voluntarily entered into.

The petitioner testified that he only had ten to fifteen minutes to consider the plea offer and stated that there had been no earlier discussions regarding trying to reach a plea settlement. The petitioner said that he told counsel that he had served five years of his sentence, but he explained that he had no documentation showing the exact amount of time he had served and was working from memory when he gave counsel the estimate. In response, counsel told him that he "would probably get [a] 15 percent [reduction for good time] and . . . probably could be out in three to four years on parole." The petitioner stated that he relied on counsel to estimate how long remained of his sentence if he pled guilty. Several months after he accepted the agreement, the petitioner learned that he had eight years left to serve even after a fifteen percent good time reduction. He said that he would not have accepted the offer had he known he had eight years left to serve. On cross-examination, the petitioner acknowledged that the plea hearing transcript showed that he was informed his fifteen-year sentence would be served at 100%. He also acknowledged that, if the post-conviction court granted relief, he would be back at the post-conviction hearing point on his previous twenty-year sentence.

Upon questioning by the court, post-conviction counsel admitted that he had not discussed with the petitioner the likelihood of his prevailing on his original post-conviction petition challenging the twenty-year sentence. However, counsel believed "there's a pretty

fair likelihood of prevailing . . . under the circumstances." The court noted that "the State presumably saw something there . . . ."

At the conclusion of the hearing, the post-conviction court denied relief, finding that the petitioner "knew and understood the ramifications of his guilty plea." The court also found that counsel was not ineffective because his estimate of the petitioner's release date was based on information provided to counsel by the petitioner. The court further found that "[c]ontrary to [the] [p]etitioner's assertions, it does not appear that his release 'in about three or four years' was a condition *sine qua non* to the guilty plea." Instead, the court concluded that the petitioner "bargained for and obtained a reduction of his sentence by five years, and it appears to the court that was his objective regardless of the estimated release date." The court also determined that the petitioner failed to demonstrate that he was prejudiced by the advice received from counsel.

## ANALYSIS

On appeal, the petitioner argues that he received the ineffective assistance of counsel, which caused him to enter an unknowing and involuntary guilty plea.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal

cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity

to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The petitioner argues that counsel rendered deficient performance because his advice to the petitioner regarding the amount of "prison time involved in the proposed sentence was outside the range of reasonable professional assistance." The petitioner claims that he told counsel he had already served approximately five years, which meant he would have about eight years left to serve, not "three or four" as told to him by counsel. The petitioner avers that he was prejudiced by counsel's incorrect advice because he would not have pled guilty had he known the correct amount of time he would have to serve.

After review, we conclude that the petitioner has failed to prove that counsel rendered deficient performance. The post-conviction court found that counsel did not perform deficiently because counsel's estimate of the petitioner's release was based on information provided to counsel by the petitioner. At the evidentiary hearing, counsel testified that, when he presented the plea to the petitioner, the petitioner informed him of the amount of time he estimated he had already served. Counsel said that he told the petitioner that, if the petitioner was correct in his estimate, it sounded like he would only have to serve three or four years. Although counsel could not remember the amount of time the petitioner told him that he had served, the post-conviction court accredited counsel's testimony that the amount of time the petitioner told him, when subtracted from eighty-five percent of a fifteen-year sentence, totaled approximately three or four years. As such, the post-conviction court implicitly discredited the petitioner's testimony that he told counsel he had served five years, which would have meant counsel should have reached a calculation of approximately eight years. The petitioner has failed to prove that the evidence preponderates against the post-conviction court's credibility determination.

Because we have determined that the petitioner's ineffective assistance of counsel claim lacks merit and ineffective assistance was the only basis upon which he claimed his guilty plea was unknowing or involuntary, we conclude that the petitioner's claim that his guilty plea was unknowing and involuntary must fail.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the petitioner's post-conviction petition.

_____
ALAN E. GLENN, JUDGE

-6-